# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**THE ESTATE OF MARILYN MONROE LLC,**

*Plaintiff*,

v.

**11qiasiwenrou; 286 Wink Cases Store; A family of experts in oil painting handicrafts; Abstract Art Gallery; Anhui Mohan Sports Goods Co., Ltd.; ArtixE; Arzu Onler; BBJINHCX; Beautiful Home Textile Store; Black Humor Space; Boutique Home Textile Products Shop Store; BZDSM; Camellia Mens Fashion Clothing; Captain STUDlO; CBKIOEE; Changzhou Aborl New Material Technology Co., Ltd.; Chenjianhong Poster; chenxuhe; CherishedWhiskers Memorials; Chuangle Product Creation Factory; CITYBOY STUDIO; CozyGlade; Crazy Decorate; Cute Baby Art Posters; Cute JH poster; CYF Home 028 Store; Desu Nine; Diyhomever Diamond Art Painting Store; dogustone94; Dongyang Hongya Art&Crafts Co., Ltd.; Dragon A Castle Store; Eaca T shirt two; Elegant blanket; eyami9; Fashion Brand Square Pillow Case Store; FengHuiYunShang; Festive decorations II; Foshan Dougbuild Materials Trading Co., Ltd.; Frame art JTC; Framed Art Oasis; Funny Patterns; Glorious canvas painting; Glorious poster; Good quality clothing and good seller; Gorgeous Live; Guangxi Summer Trading Group Ltd.; Guangzhou Hongbaili Technology Co., Ltd.; Guangzhou Panz Smart Technology Co., Ltd.; happyforever89; HJS a pleasant dream;**

**SEALED**

Civil Action No.

HLKEEA; Homely Touch Store; HOTSALECASE90 Store; HOUXI ARTFUL DECOR; HSH Fun Space; Huihui Blanket; HYXIYKDD; HZqing; Impressio Dcor; JGold; JH poster; Jiangsu Shuaima Security Technology Co., Ltd.; Jiangxi Heroes Commercial And Trading Co., Ltd.; JiaWeiSHOP; Just A Store; juzhihuo; Kanea; kiesme_09; kingers; KKT127 Store; KZK phone case; Laichangwan; Lefitty Quality Household 45 Store; Lei Wall Art; Lensky Imaging Technology (guangzhou) Co., Ltd.; LEVCOECAM CCTVSecurity Store; LILEEMIND; Link Art Prints Poster Store; LJ poster; LLDOK Store; llz_-596376; LuoWallArt; MAGIC BLACKPINK; mahmut baran; MaxTron; MeetArt Poster; Merchant jewelry local; Metaverse_Cards; mfdealhh; mfdealhw; Miarra poster; Mix Pho E; MK Resin Model Kit Store; motuoche poster; MugABCDE; myfigureworld; MZSS-09 Store; MZSS-10 Store; MZSS-14 Store; MZSS-20 Store; NCRBCA; Ningbo Chuangxiang Magnet Co., Ltd.; Pan'an Xinlian Anime-Comic Costume Co., Ltd.; Patchwork Fabric Factory; peacock-1; printifyT; Qiaojiangnan Factory; QJSDEEE; QJSDWWW; QL ONLINE; QualityVault Store; raturgema0; SanrioStar; Seangle Shop; Shadow Art Poster; Shandong Jibei Sculpture Art Co., Ltd.; Shandong Shengyi Supply Chain Management Co., Ltd.; Shenzhen Gongqing Technologies Co., Ltd.; Shenzhen Junqi Technology Co., Ltd.; Shenzhen Melga Art Co., Ltd.; Shop1103322499 Store; Shop1103439064 Store; Shop1103682709 Store; Shop1103693211 Store; Shop1103744022 Store; Shop1103768374 Store; Shop1103911050 Store; Shop1103945280 Store; Shop1103993519 Store; Shop1103998504 Store; Shop1104002003

Store; Shop1104007512 Store; Shop1104058671 Store; Shop1104058811 Store; Shop1104065688 Store; Shop1104108336 Store; Shop1104111351 Store; Shop1104129454 Store; Shop1104266074 Store; Shop1104307331 Store; Shop1104341651 Store; Shop1104344130 Store; Shop1104345839 Store; Shop1104394093 Store; Shop1104394232 Store; Shop1104492809 Store; Shop1104565318 Store; Shop1104570197 Store; Shop1104631565 Store; Shop1104650616 Store; Shop1104650850 Store; Shop1104671545 Store; Shop1104675427 Store; Shop1104681810 Store; Shop1104683375 Store; Shop1104699157 Store; Shop1104737434 Store; Siminlou; Sinlen Hardware Co., Ltd. Of Zhejiang; SodioSODIO wall art; soiff; Sophih-6; SportOutdoor; Steel Gents; Summer homes; Suzhou Safe Way Trade Co., Ltd.; Tee Trendzz; temuj; That Teknoloji LTD STI; The old family of canvas paintings; Tide FrontStudio; Tiny Trendsetters T; Tomasoos; UAI Wall Art; Verda Boutique; WANT TRADE; WE Wall Decoration; WELOGO; Wow Wow wall art; woxinposter; XF Universal meteor; Xiamen Original Art and Craft CO.,LTD; Xiamen Yundi Import & Export Co., Ltd.; xiaotongshop; XIZZPPHAS; XSBpaintingF; XZWJTZ ART; YAOCozyNest; Yiwu Qianying Import And Export Co., Ltd.; Yiwu Years Crafts Co., Ltd.; Yiyu case; YLL Online; yned2830; youlong su; yp0711; Yuehuse; ZapDeck; ZF KUAJING A; Zhejiang Jiangxing Sports & Stationery Co., Ltd; Zhejiang Pangoo Cultural & Art Co., Ltd.; ZL Clothing Store; zoemacaulay; ZSY blanket; and zxp-72,

  *Defendants.*

## **COMPLAINT**

1)       This is an action for trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin and/or false endorsement in violation of 15 U.S.C. §1125(a), as well as common law trademark infringement and unfair competition.

2)       This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367.

3)       This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

4)       Alternatively, this Court has personal jurisdiction over Defendants because Defendants, on information and belief, either transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

5) Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## THE PARTIES

6) Plaintiff The Estate of Marilyn Monroe LLC is a Delaware limited liability company with its principal place of business at 1411 Broadway, 4th floor, New York, New York 10018.

7) On information and belief, Defendants 11qiasiwenrou; 286 Wink Cases Store; A family of experts in oil painting handicrafts; Abstract Art Gallery; Anhui Mohan Sports Goods Co., Ltd.; ArtixE; Arzu Onler; BBJINHCX; Beautiful Home Textile Store; Black Humor Space; Boutique Home Textile Products Shop Store; BZDSM; Camellia Mens Fashion Clothing; Captain STUDlO; CBKIOEE; Changzhou Aborl New Material Technology Co., Ltd.; Chenjianhong Poster; chenxuhe; CherishedWhiskers Memorials; Chuangle Product Creation Factory; CITYBOY STUDIO; CozyGlade; Crazy Decorate; Cute Baby Art Posters; Cute JH poster; CYF Home 028 Store; Desu Nine; Diyhomever Diamond Art Painting Store; dogustone94; Dongyang Hongya Art&Crafts Co., Ltd.; Dragon A Castle Store; Eaca T shirt two; Elegant blanket; eyami9; Fashion Brand Square Pillow Case Store; FengHuiYunShang; Festive decorations II; Foshan Dougbuild Materials Trading Co., Ltd.; Frame art JTC; Framed Art Oasis; Funny Patterns;

Glorious canvas painting; Glorious poster; Good quality clothing and good seller; Gorgeous Live; Guangxi Summer Trading Group Ltd.; Guangzhou Hongbaili Technology Co., Ltd.; Guangzhou Panz Smart Technology Co., Ltd.; happyforever89; HJS a pleasant dream; HLKEEA; Homely Touch Store; HOTSALECASE90 Store; HOUXI ARTFUL DECOR; HSH Fun Space; Huihui Blanket; HYXIYKDD; HZqing; Impressio Dcor; JGold; JH poster; Jiangsu Shuaima Security Technology Co., Ltd.; Jiangxi Heroes Commercial And Trading Co., Ltd.; JiaWeiSHOP; Just A Store; juzhihuo; Kanea; kiesme_09; kingers; KKT127 Store; KZK phone case; Laichangwan; Lefitty Quality Household 45 Store; Lei Wall Art; Lensky Imaging Technology (guangzhou) Co., Ltd.; LEVCOECAM CCTVSecurity Store; LILEEMIND; Link Art Prints Poster Store; LJ poster; LLDOK Store; llz_-596376; LuoWallArt; MAGIC BLACKPINK; mahmut baran; MaxTron; MeetArt Poster; Merchant jewelry local; Metaverse_Cards; mfdealhh; mfdealhw; Miarra poster; Mix Pho E; MK Resin Model Kit Store; motuoche poster; MugABCDE; myfigureworld; MZSS-09 Store; MZSS-10 Store; MZSS-14 Store; MZSS-20 Store; NCRBCA; Ningbo Chuangxiang Magnet Co., Ltd.; Pan'an Xinlian Anime-Comic Costume Co., Ltd.; Patchwork Fabric Factory; peacock-1; printifyT; Qiaojiangnan Factory; QJSDEEE; QJSDWWW; QL ONLINE; QualityVault Store; raturgema0; SanrioStar; Seangle

Shop; Shadow Art Poster; Shandong Jibei Sculpture Art Co., Ltd.; Shandong Shengyi Supply Chain Management Co., Ltd.; Shenzhen Gongqing Technologies Co., Ltd.; Shenzhen Junqi Technology Co., Ltd.; Shenzhen Melga Art Co., Ltd.; Shop1103322499 Store; Shop1103439064 Store; Shop1103682709 Store; Shop1103693211 Store; Shop1103744022 Store; Shop1103768374 Store; Shop1103911050 Store; Shop1103945280 Store; Shop1103993519 Store; Shop1103998504 Store; Shop1104002003 Store; Shop1104007512 Store; Shop1104058671 Store; Shop1104058811 Store; Shop1104065688 Store; Shop1104108336 Store; Shop1104111351 Store; Shop1104129454 Store; Shop1104266074 Store; Shop1104307331 Store; Shop1104341651 Store; Shop1104344130 Store; Shop1104345839 Store; Shop1104394093 Store; Shop1104394232 Store; Shop1104492809 Store; Shop1104565318 Store; Shop1104570197 Store; Shop1104631565 Store; Shop1104650616 Store; Shop1104650850 Store; Shop1104671545 Store; Shop1104675427 Store; Shop1104681810 Store; Shop1104683375 Store; Shop1104699157 Store; Shop1104737434 Store; Siminlou; Sinlen Hardware Co., Ltd. Of Zhejiang; SodioSODIO wall art; soiff; Sophih-6; SportOutdoor; Steel Gents; Summer homes; Suzhou Safe Way Trade Co., Ltd.; Tee Trendzz; temuj; That Teknoloji LTD STI; The old family of canvas paintings; Tide FrontStudio; Tiny Trendsetters T;

Tomasoos; UAI Wall Art; Verda Boutique; WANT TRADE; WE Wall Decoration; WELOGO; Wow Wow wall art; woxinposter; XF Universal meteor; Xiamen Original Art and Craft CO.,LTD; Xiamen Yundi Import & Export Co., Ltd.; xiaotongshop; XIZZPPHAS; XSBpaintingF; XZWJTZ ART; YAOCozyNest; Yiwu Qianying Import And Export Co., Ltd.; Yiwu Years Crafts Co., Ltd.; Yiyu case; YLL Online; yned2830; youlong su; yp0711; Yuehuse; ZapDeck; ZF KUAJING A; Zhejiang Jiangxing Sports & Stationery Co., Ltd; Zhejiang Pangoo Cultural & Art Co., Ltd.; ZL Clothing Store; zoemacaulay; ZSY blanket; and zxp-72 ("Defendants") are non-U.S. entities, associations, or individuals, believed to be located in China or elsewhere in Asia, each of whom sells, offers for sale, distributes, and/or advertises goods through its virtual storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces").

8) Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

## RELEVANT FACTS

9) Plaintiff owns all intellectual property, including all trademark rights, of Marilyn Monroe's estate and is current owner of the global trademark portfolio of the late Marilyn Monroe.

10) Marilyn Monroe ("Monroe") was an actress, model, and singer whose films grossed approximately $200 million by the time of her death in 1962. Subsequently, The American Film Institute named her the sixth greatest female screen legend in American film history, Smithsonian Magazine named her as one of the 100 Most Significant Americans of All Time, and the book *The Guide to United States Popular Culture* has called her an "icon of American popular culture . . . [whose] rivals in popularity include Elvis Presley and Mickey Mouse[.]"

11) Plaintiff owns numerous federal trademark registrations and common law rights for its trademarks, including, but not limited to, MARILYN, MARILYN MONROE, DIAMONDS ARE A GIRL'S BEST FRIEND, and many others (collectively, "Marks" or "Plaintiff's Marks"). Each of Plaintiff's Marks is valid and enforceable.

12) Attached hereto as Exhibit A are true and correct copies of federal certificates of registration for certain of Plaintiff's Marks.

9

13) Plaintiff has used its Marks in commerce for many years, some as early as 1986, in connection with a wide variety of consumer products including, but not limited to, wine, clothing and accessories, jewelry, linens and home décor, handbags and leather goods, cosmetics, puzzles and games, posters, and stationery items, and has not abandoned any of the Marks.

14) As a result of Plaintiff's extensive use of Plaintiff's Marks in commerce, through the sale of goods, offering for sale of goods, advertising, promotion, or otherwise, Plaintiff's Marks have achieved considerable goodwill throughout the United States and the world.

15) On information and belief, each Defendant sells, offers for sale, distributes, and/or advertises goods to customers in the United States, including in this judicial district.

16) Each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces.

17) Plaintiff has captured screenshots of the infringing product listings at issue on the Marketplaces for each Defendant. Attached hereto as Exhibit B are copies of the screenshots of all such product listings.

18) None of the Defendants is authorized to sell, offer for sale, distribute, or advertise any goods under or in connection with any of Plaintiff's Marks.

19) On information and belief, each Defendant: (a) sources infringing goods from one or more of the same suppliers or manufacturers who facilitate, instruct, and/or coordinate each of the Defendants' actions; (b) utilizes identical product descriptions (including identical grammar errors and misspellings), product images, sequences of product images, pricing structures, payment options, shipping information, keywords, metadata, and other indicia of purposeful relatedness; (c) operates multiple virtual storefronts within and across multiple Marketplaces; and (d) participates in on-line forums dedicated to avoiding or minimizing liability. Therefore, on information and belief, Defendants are working together to knowingly and willfully sell, offer for sale, distribute, or advertise infringing goods in the same transaction, occurrence, or series of transactions or occurrences.

## COUNT I.

## INFRINGEMENT OF A REGISTERED TRADEMARK
## IN VIOLATION OF 15 U.S.C. § 1114

20) Paragraphs 1-19 are realleged and incorporated herein by reference.

21) Each Defendant is using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of Plaintiff's Marks in

connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of each Defendant's goods.

22) Each Defendant's aforesaid actions are likely to cause damage and other irreparable injury to Plaintiff unless such actions are enjoined by this Court, Plaintiff having no adequate remedy at law.

23) Each Defendant's aforesaid actions constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

24) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of its goods. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

25) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's

violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

26) Plaintiff is further entitled to an award of three times its damages or profits from each Defendant found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

27) Alternatively, Plaintiff is entitled to an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale pursuant to 15 U.S.C. § 1117(c).

28) Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT II.

## FALSE DESIGNATION OF ORIGIN AND/OR FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

29) Paragraphs 1-19 are realleged and incorporated herein by reference.

30) Each Defendant is using in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact on or in connection with its goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each

Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff.

31) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

32) Defendants' acts constitute false designation of origin and/or false endorsement in violation of 15 U.S.C. § 1125(a).

33) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

34) Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT III.

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35) Paragraphs 1-19 are realleged and incorporated herein by reference.

36) Each Defendant's use of one or more marks that is confusingly similar to one or more of Plaintiff's Marks, in connection with goods which are the same as or are competitive with Plaintiff's goods, is likely to cause confusion, to cause mistake, and to deceive as to the source or origin of its goods.

37) Each Defendant is offering its goods for sale with full knowledge of Plaintiff's Marks.

38) Each Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

39) Plaintiff is entitled to recover from each Defendant actual and compensatory damages in an amount to be proven at trial in addition to any other available remedies.

40) Each Defendant's aforesaid conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1) That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiff's Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2) That an accounting be conducted and judgment be rendered against each Defendant for:

   a)  all profits received by each Defendant from the sale of goods under or in connection with Plaintiff's Marks in the United States;

   b)  all damages in an amount proven at trial from, *inter alia*, each Defendant's trademark infringement, false designation of origin, and false endorsement, pursuant to 15 U.S.C. § 1117; and

   c)  any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

 3)  That any damages assessed against any Defendant for trademark infringement, false designation of origin, and/or false endorsement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

 4)  Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

 5)  That each Defendant be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6) That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7) That Plaintiff have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 8, 2025.

                                      Respectfully submitted,
                                      THE SLADKUS LAW GROUP

                                      *s/Carrie A. Hanlon*
                                      Carrie A. Hanlon
                                      Ga. Bar No. 289725
                                      E-mail: carrie@sladlaw.com
                                      Jason H. Cooper
                                      Ga. Bar No. 778884
                                      E-mail: jason@sladlaw.com

                                      1397 Carroll Drive
                                      Atlanta, GA 30318
                                      Telephone: (404) 252-0900
                                      Facsimile: (404) 252-0970

                                      ***Attorneys for Plaintiff***